IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOE HAND PROMOTIONS, INC. )
)
v. ) Case No. 3:23-cv-00571
)
AJ's BAR LLC dba AJ's BAR and )
ANDREW MOORE )

**To: The Honorable Eli J. Richardson, United States District Judge**

# REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned respectfully RECOMMENDS this case be DISMISSED with prejudice.

## Background

This case was filed on June 5, 2023. (Docket No. 1.) Pursuant to the plain language of Rule 4(m),[1] Plaintiff was required to serve Defendant with process by no later than September 3, 2023. An initial case management conference was originally set for September 5, 2023. (Docket No. 4.) However, due to a scheduling conflict, the initial case management conference was rescheduled to October 16, 2023, by order entered on August 9, 2023. (Docket No. 10.) This rescheduling also permitted Plaintiff additional time to file a return of service of process, as required by Rule 4(l). The Court's August 9 order additionally expressly directed that, if Defendants are in default, "Plaintiff must promptly initiate and pursue default proceedings." (*Id*. at 1.) Plaintiff was further cautioned that failure to promptly pursue default proceedings could result in any of the remedies authorized by Rule 16(f), which include dismissal. (*Id*. at 1-2.)

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

On October 6, 2023, because there was no filing by Plaintiff indicating that Defendants had been served with process and no other action taken by Plaintiff since the August 9 order, including to initiate default proceedings, the Court issued an order for Plaintiff to show cause why this case should not be dismissed. (Docket No. 11.) Of note, the order contained an express admonition that failure to respond or to show cause as directed would result in a recommendation to the District Judge for dismissal of this case. (*Id*. at 1.)

On October 6, 2023, Plaintiff filed a notice of settlement and for relief from the show cause order. (Docket No. 12.) Plaintiff requested 28 days to finalize the settlement and file a stipulation of dismissal. In response to the notice of settlement, the Court ordered Plaintiff to file a stipulation of dismissal by November 3, 2023, or within the 28 days requested. (Docket No. 13.) Plaintiff failed to file a stipulation of dismissal or otherwise take any action by the November 3 deadline.

## Legal Standards and Analysis

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Rule 16(f) authorizes the Court to impose sanctions for the failure of a party or its attorney to "obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Among the sanctions

authorized by Rule 16(f) is dismissal of the action in whole or in part. Fed. R. Civ. P. 16(f)(1) (incorporating Rule 37(b)(2)(A)(v) by express reference). Additionally, federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 364 (6th Cir. 1999); *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).[2]

Courts generally consider four factors in determining whether dismissal under these circumstances, specifically dismissal with prejudice, is appropriate: (1) whether the subject party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the subject party; (3) whether the subject party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153-55 (6th Cir. 1988)).[3] No single factor is dispositive, although the Sixth Circuit has held that a case is properly dismissed where there is a clear record of delay or contumacious conduct. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)). Courts are additionally required to consider their limited resources as part of the analysis. *See In re McDonald*,

---

[2] Dismissals pursuant to Rule 41(b) may be directed by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

[3] As described above, Plaintiff was provided notice of the potential dismissal of this case. Further, this report and recommendation provides additional notice.

489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.")

The Court finds that the first factor of willfulness, bad faith, or fault weighs in favor of dismissal. That Plaintiff has failed to fulfill its responsibilities as a litigant, despite the Court's repeated prior warnings, can only be construed as willful and in bad faith.

The prejudice to Defendants is less obvious, because to-date Defendants have not expended any resources participating in this case.[4] Nevertheless, the plain language of Rule 4(m) makes clear that a plaintiff's failure to timely serve a defendant and to prove service of process warrants dismissal of the case.[5] Further, Rules 16(f) and 41 also plainly permit dismissal under the circumstances of this case, namely, Plaintiff's dilatory conduct, as does the Court's inherent authority to manage its own dockets. This second factor therefore also supports dismissal.

Plaintiff was given an opportunity to avoid dismissal by the Court by promptly proceeding with voluntary dismissal as expressly directed by the Court.[6] Instead, Plaintiff ignored that opportunity and failed to timely follow multiple orders of the Court, despite the Court's warning of its intended dismissal of this case, which apparently fell on blind eyes. Plaintiff and its counsel appear unable to follow plain and simple instructions provided in either orders of this Court or the

---

[4] Although, apparently, Defendants may have reached some kind of out-of-court settlement with Plaintiff.

[5] Admittedly, Rule 4(m) contemplates dismissal without prejudice. Were this a case in which Plaintiff simply failed to timely serve process, the Court would be inclined to recommend dismissal without prejudice as mandated by Rule 4(m). However, what heightens the stakes in this case is the Court's express direction to Plaintiff to timely proceed with disposition of this case: a direction that went largely unheeded.

[6] The irony or perhaps paradox of dismissal of this case with prejudice in the face of Plaintiff's stated intention to stipulate to such a dismissal is not lost on the Court. Nevertheless, the Court finds a qualitative difference in dismissal based on Plaintiff's failure to adhere to the Court's orders and a stipulated dismissal by Plaintiff. The Court further finds that the former is more than amply supported by the entirety of the circumstances in this case.

4

Federal Rules of Civil Procedure. This failure to observe uncomplicated litigation responsibilities and orders from the Court militates in favor of dismissal under the third and fourth factors. Because Plaintiff was given an opportunity to avoid dismissal and failed to do so, the Court cannot find that any less drastic remedy would produce a different result.

Further, a review of cases filed by Plaintiff with the same counsel, demonstrate a trend of Plaintiff filing a case and then failing to attend to the case without direction by the Court. This unnecessary expenditure of already limited judicial resources is unacceptable. To paraphrase an admonition by Judge Trauger regarding the waste of judicial resources: The common rebuke that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants – not merely ones with a penchant for sitting on their hands waiting to receive direction from the court – to administer justice fairly, promptly, and adequately. *Ciccio v. Smiledirectclub, LLC*, No. 3:19-CV-00845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021).

Plaintiff, who is a frequent litigant here, was expressly admonished as recently as October 20, 2023, to consider those other litigants by timely attending to the cases it commences here without the necessity of prompts or reminders by the Court. *See Joe Hand Promotions, Inc. v. Last Call Bar & Grill, LLC et al.*, Case No. 1:23-cv-00050 (M.D. Tenn. Oct. 20, 2023) at Docket No. 13, n.1. Despite this clear and present warning, Plaintiff nevertheless failed to adhere to the November 3 deadline in this case for filing a stipulation of dismissal.[7] Plaintiff can no longer be permitted to consume the Court's already limited judicial resources with its cavalier disregard of not only its responsibilities as a litigant, but, worse, the Court's orders.

---

[7] See n.6.

5

Case 3:23-cv-00571    Document 14    Filed 11/07/23    Page 5 of 6 PageID #: 36

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that this case be dismissed with prejudice under Rules 16(f) and 41(b) of the Federal Rules of Civil Procedures and the Court's inherent authority to manage its own dockets.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. Fed. R. Civ. P. 72(b) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge